

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6348 | **DATE** | 12/17/2002 |
| **CASE TITLE** | Kevin Smith et al. Vs. Phoenix Bond & Indemnity | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Phoenix moves to dismiss this appeal based on lack of standing. We find that Homeside has standing to bring this appeal but deny the appeal on substantive grounds. The bankruptcy court's order is affirmed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | DEC 18 2002 | |
| | Notified counsel by telephone. | | date docketed | 19 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 02 DEC 17 PM 1:29 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**DEC 1 8 2002**

| | | |
|---|---|---|
| KEVIN SMITH AND HOMESIDE LENDING, INC., | ) ) ) | |
| Debtor-Appellants, | ) ) | |
| vs. | ) ) | No. 02 C 6348 (Bankruptcy No. 00 B 22481) |
| PHOENIX BOND & INDEMNITY, | ) ) | |
| Appellee. | ) | |

## MEMORANDUM OPINION AND ORDER

On September 27, 2002, Homeside Lending, Inc. (appellant), filed an appeal of a July 31, 2002, order of Judge Ginsburg granting Phoenix Bond and Indemnity Company's (appellee) motion for relief from the automatic stay imposed by 11 U.S.C. § 362(a), and denying Homeside's and Kevin P. Smith's (debtor) opposing motions. Phoenix moves to dismiss this appeal based on lack of standing. We find that Homeside has standing to bring this appeal but deny the appeal on substantive grounds. The bankruptcy court's order is affirmed.

## BACKGROUND

The facts of this case are taken from the parties' joint statement of facts presented to the bankruptcy court. At all relevant times debtor was the owner of a home in Country Club Hills, Illinois (real estate). He executed a mortgage on the real estate to Inland Mortgage Corporation in June 1997. On June 15, 1998, Homeside acquired the mortgage, and in November 1999 filed suit to foreclose. As of March 1, 2000, the outstanding amount due on the mortgage was over $100,000.

On January 26, 1998, Phoenix purchased delinquent property taxes on the real estate



at the Cook County Collector's annual tax sale and received a Certificate of Purchase as evidence of its completed purchase. On August 3, 2000, the debtor filed his Chapter 13 voluntary petition with the bankruptcy court (In Re: Kevin P. Smith, No. OO B 22481). The petition did not include Phoenix or the County Collector of Cook County as creditors or claimants.

On August 28, 2000, several weeks after the bankruptcy filing, Phoenix filed a petition for tax deed in the Circuit Court of Cook County. On September 12, 2000, notice was served upon debtor and Homeside of Phoenix's tax deed proceeding. At the time of service of notice, Phoenix had no actual knowledge of debtor's bankruptcy petition. The period of redemption expired on January 5, 2001, without debtor redeeming the delinquent property taxes.

Debtor's Chapter 13 plan was approved by the bankruptcy court on November 7, 2000. Although he had been served with notice that the redemption period on the delinquent taxes would expire in January 2001, debtor did not make a provision in his plan for payment of the taxes. Phoenix learned of the bankruptcy proceedings in March 2001, and on April 4, 2001, filed a petition seeking leave from the automatic stay to pursue a tax deed on the real estate. In June 2001, debtor and Homeside filed motions requesting that the automatic stay be enforced against Phoenix and that debtor be permitted to modify his plan to allow him to cure the tax default and satisfy Phoenix's lien on the real estate.

In his July 31, 2001, opinion and order, Judge Ginsburg denied debtor and Homeside's motions and granted Phoenix's motion for relief from the automatic stay. Homeside and debtor subsequently filed an appeal from the order with this court. On December 3, 2001, we granted debtor's motion to dismiss his appeal. What remains before us is Homeside's appeal and Phoenix's motion to dismiss Homeside for lack of standing.

## DISCUSSION

As an initial matter, Phoenix has challenged Homeside's standing to continue this appeal on its own. A litigant may challenge a bankruptcy court's order if he is a person aggrieved by that order. In the Matter of Andreuccetti, 975 F.2d 413, 416 (7th Cir. 1992). The person-aggrieved label will apply only to someone who can demonstrate that the order diminishes the person's property, increases the person's burdens, or impairs the person's rights. *Id.* Here, Homeside has demonstrated that as a result of the bankruptcy court's order it lost its first-mortgage lien on the real estate, enough to qualify it as a person aggrieved, and we accordingly consider the appeal. Indeed, as a practical matter, Homeside is the primary real party in interest, as the record indicates that the debtor has no equity in the property.

We have jurisdiction over this appeal under 28 U.S.C. § 158 (a)(1). Acting as an appellate court in bankruptcy proceedings, we accept the bankruptcy court's findings of fact unless clearly erroneous, but review conclusions of law *de novo*. Matter of UNR Industries, Inc., 986 F.2d 207, 208 (7th Cir. 1993). This appeal presents two legal questions. First, whether provisions of the Bankruptcy Code allow a debtor to cure a tax default if he files for bankruptcy before a redemption period expires but does not redeem within the allotted time period. Second, whether the cited modification provisions are applicable to the facts of this case. Since we answer the first question in the negative, we do not reach the second question.

Under § 108(b) of the Bankruptcy Code,

> ...if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor...may... cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of –
> (1) the end of such period, including any suspension of such period occurring on or after commencement of the case; or
> (2) 60 days after the order for relief.

11 U.S.C. § 108(b). Applying § 108(b) to the facts here, debtor had until January 5, 2001, the date marking the end of the redemption period under Illinois law, to redeem his delinquent taxes. *Id.*; 35 ILCS 200/21-350. Section 362(a) of the Bankruptcy Code, the automatic stay provision which states that creditors may not pursue satisfaction of claims or liens while a bankruptcy case is pending, does not toll the running of the redemption period. *See* Goldberg v. Tynan, 773 F.2d 177, 179 (7th Cir. 1985). While Phoenix may have been barred from obtaining the tax deed during the pendency of debtor's bankruptcy case, the time period in which debtor could redeem continued to run.

Homeside points to §§ 1322(c)(1) and 1322(b)(2) of the Bankruptcy Code, asserting that these provisions allow for modification of debtor's plan to cure the tax default regardless of the expiration of the redemption period. Under § 1322(c)(1), a debtor has the right to cure a default that gave rise to a lien on the debtor's principal residence, notwithstanding applicable non-bankruptcy law, "until the residence is sold at a foreclosure sale that is conducted in accordance with applicable non-bankruptcy law." 11 U.S.C. 1322(c)(1). Under section 1322(b)(2), a bankruptcy plan may "[m]odify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims[.]" 11 U.S.C. 1322(b)(2).

The bankruptcy court found that neither of these provisions were available to debtor since they would undermine the time limit set in § 108(b). While an issue of first impression in the district courts, two recent decisions coming out of the bankruptcy courts show the tension of reconciling the rights of a tax purchaser after expiration of a redemption period with the modification provisions available in 1322. *See* In Re Bates, 270 B.R. 455 (Bankr.

N.D.Ill. 2001); In Re Murray, 276 B.R. 869 (Bank. N.D. Ill. 2002).

The Seventh Circuit decisions in Moody v. Amoco Oil Co., 734 F.2d 1200 (7th Cir. 1984), and Goldberg v. Tynan, *supra*, offer some background to the issues presented. In Moody, the court found that the time limits of §108(b) did not limit the rights afforded by §365 to cure executory contracts and went on to explain that the purpose behind § 108(b) was to aid a debtor in having time to preserve rights (pp. 1215-16). It would be anomalous, the court reasoned, to read the provision as limiting rights afforded in other sections of the Bankruptcy Code. *Id.* In Tynan, the appellants asserted a right to cure a default on their mortgage under § 1322(b)(5) of the Bankruptcy Code. The court found this section inapplicable since the judgment of foreclosure had already been entered, and turned to § 108(b) to determine that the period of redemption on the property had expired. *Id.* at 178-79.

In both In re Bates and In re Murray, Illinois tax purchasers were allowed relief from automatic stays in order to follow state court proceedings and to obtain tax deeds. In Bates, the expiration of the redemption period occurred prior to the bankruptcy proceeding, and the court found that there was no potential for claim treatment in the filed bankruptcy. At 469-470. In lengthy *dicta*, however, the court explained that if the redemption period had not expired before the filing of the bankruptcy petition, the tax purchaser's claim could be modified under § 1322(b)(2), regardless of whether the § 108(b) redemption period expired. *Id.* at 466-467.

Murray disagrees with the *dicta* in Bates, holding that a debtor who had filed for bankruptcy before the expiration of a delinquent tax redemption period could not modify a plan after the time limit set in § 108(b) expired (Murray, pp. 875-76). The court reasoned that allowing the modification rights afforded in § 1322(b)(2) to be invoked after the expiration of

the redemption period of § 108(b) would render the latter provision superfluous. *Id.* The Murray court's reasoning is persuasive. Imposing § 108(b) does not render the provisions in § 1322 insignificant, it only limits the time period in which they can be applied. On the other hand, the Bates analysis renders § 108(b), and the additional 60 days provided by Congress, superfluous. Judge Ginsburg's opinion, following Murray and interpreting Tynan, correctly applies § 108(b) to the facts of this case.

Here, the debtor and Homeside had notice on September 12, 2000, of the January 5, 2001, redemption cut-off. The debtor had nearly four months from notice to request modification of his plan to include the delinquent tax claim, and five months from the filing of his bankruptcy petition. Debtor's failure to timely redeem the delinquent taxes cannot be cured under §§ 1322(c)(1) or 1322(b)(2) after the time period allowed under § 108(b)ended.[1]

## CONCLUSION

For the above reasons, we affirm the decision of the bankruptcy court.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 17, 2002.

---

[1] We commend the attorneys for both parties for their excellent and very helpful briefs.